

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Wm. B. Carssow, Secretary
State Bar of Texas
Littlefield Building
Austin, Texas

Dear Sir:

Opinion No. O-2784
Re: Whether the State Bar
of Texas is immune from
Federal Employment Taxes
as an instrumentality
of the State of Texas

We have your letter of September 24, 1940, together with enclosed correspondence. The question you submit is whether the State Bar of Texas is an instrumentality of the State of Texas so as to be immune from Federal Employment Taxes under the Internal Revenue Code, 26 U. S. C. A., Sections 1426 (b) (7) and 1607 (c) (7), both of which except from such taxes the following:

"Service performed in the employ of a State, or any political subdivision thereof, or any instrumentality of any one or more of the foregoing which is wholly owned by one or more States or political subdivisions; and any service performed in the employ of any instrumentality of one or more States or political subdivisions to the extent that the instrumentality is, with respect to such service, immune under the Constitution of the United States from the tax imposed. . ."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Wm. B. Carssow, page 2


   The State Bar of Texas was created by
the State Bar Act, House Bill 74, Acts, 46th
Legislature, Regular Session, page 64, compiled in
Vernon's Civil Statutes as Article 320a-1.  Section
2 of this statute reads as follows:

   "There is hereby created the State
  Bar, which is hereby constituted an ad-
  ministrative agency of the Judicial De-
  partment of the State, with power to
  contract with relation to its own af-
  fairs and which may sue and be sued
  and have such other powers as are reason-
  ably necessary to carry out the purposes
  of this Act."

   Section 3 of this statute provides that all
licensed lawyers shall constitute the State Bar and
shall be subject to the rules adopted by the Supreme
Court of Texas.  Section 4 authorizes the Supreme
Court of Texas to prescribe rules for the conduct
of the State Bar and to prescribe fees not exceeding
four dollars per annum per person "to be paid to the
Clerk of the Supreme Court to be held by him and ex-
pended by the Court or under its direction for the
purpose of the administration of this Act."

   Under the rules adopted by the Supreme Court
on February 22, 1940, governing the State Bar of Texas,
it is provided in Article IV, Section 4, that the annual
membership fee shall be payable annually to the Clerk
of the Supreme Court.  Out of the fees paid to him, the
Clerk of the Supreme Court is authorized by Article V,
Section 7, to pay one assistant to assist him in discharg-
ing the duties imposed on him by the State Bar Act and
the rules of the Supreme Court adopted thereunder and to
pay certain expenses necessarily incurred in discharging
such duties.  After the deduction of such expenses, the
clerk is required by Article V, Section 4, to pay over
all funds of the State Bar to the Secretary of the State
Bar.

Honorable Wm. B. Carssow, page 3


Article V, Section 6, of the Supreme Court
Rules fixes the duties of the Secretary of the State
Bar, and provides that his salary shall be fixed by
the Board of Directors. The Secretary is also author-
ized by such section to employ such clerical assistance
as the work of his office may require, the salaries to
be fixed by the Board of Directors and paid out of the
funds of the State Bar. The Secretary and his clerical
assistants are the only paid officers or employees of
the State Bar, the other officers and the directors mere-
ly receiving payment of actual and necessary expenses
in discharging their duties.

In our opinion, the State Bar of Texas is an
instrumentality of the State of Texas and is wholly
owned by the State, within the provisions of the Internal
Revenue Code quoted above. The regulation and discipline
of lawyers and the formation and administration of an
integrated bar are properly within the functions of the
judicial branch of the government of the State. Compare
In re Integration of State Bar of Oklahoma, 185 Okla.
505, 95 P. (2d) 113; In re Integration of Nebraska
State Bar Association, 133 Neb. 283, 275 N. W. 265;
In re Edwards, 45 Idaho, 676, 266 Pac. 665; State Bar
of California v. Superior Court, 207 Cal. 323, 278
Pac. 432; In re Gibson, 35 N. M. 550, 4 P. (2d) 643.

The State Bar of Texas is designed solely
for the purpose of carrying out these functions. The
fees which are paid by the lawyers under the require-
ments of the statutes and the rules of the Supreme
Court are used under the direction of the Supreme
Court for the purpose of carrying out the provisions
of the State Bar Act and for no other purpose. No
private person has any interest whatever in the State
Bar or its funds.

For the reasons stated, it is our opinion
that the State Bar of Texas is exempt from Federal

Employment Taxes with respect to services performed by persons employed and paid by it under the State Bar Act and the rules of the Supreme Court issued under such act.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *James P. Hart*

James P. Hart
Assistant

JPH:LW

APPROVEDNOV 23, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN